|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SLEEPING WELL, LLC,  )
                     )
     Plaintiff(s),   )   No. C10-3658 CW (BZ)
                     )
     v.              )
                     )   **ORDER GRANTING PLAINTIFF'S**
THE TRAVELERS INDEMNITY CO.,)  **MOTION FOR STAY OF DISCOVERY**
                     )
     Defendant(s).   )
_____)

Plaintiff filed this action against its insurer seeking a declaration that defendant was obligated to defend it in the underlying Sleep Science Partners, Inc. v. Avery Lieberman et al action and to indemnify it from any adverse judgment. The dispute seems to turn on whether defendant is correct that the injury in the underlying action occurred before the policy became effective and is therefore excluded from coverage by the terms of the policy.

A few months after filing suit, plaintiff moved for summary judgment that defendant had breached the duty to defend. Defendant cross-moved for summary judgment that it had no duty to defend and no duty to indemnify. Judge Alsup

1

denied both motions "without prejudice to renewal after discovery," finding the existence of several fact issues which prevented him from ruling.  Thereafter this matter was reassigned to Judge Wilken as being related to the underlying action.  Plaintiff moved for clarification or reconsideration of Judge Alsup's ruling on the ground that the insurer is not permitted to take discovery and try to bolster its decision not to defend.  That motion was denied by Judge Wilken on the grounds that there had not been a manifest failure to consider a material argument.  Plaintiff then filed a motion to stay discovery, which Judge Wilken referred to me.

Both sides seem to agree that the extent to which discovery is permitted in an insurance coverage declaratory relief action is governed by state law.  Under California law, the insurer's obligation to defend is more expansive than its obligation to indemnify.  The insurer's obligation to defend "turns not upon the ultimate adjudication of coverage under its policy of insurance, but upon those facts known by the insurer at the inception of [the underlying] lawsuit."  Haskell, Inc. v. Superior Court, 33 Cal.App.4th 963, 976 (1995)(quoting Montrose Chemical Corp. v. Superior Court, 6 Cal.4th 287, 295 (1993)).  If the insurer believes it lacks sufficient information to decide whether it has a duty to defend a claim, it should get the necessary information before it declines the tender; not after its insured files a coverage action.  As Haskell puts it, "the insurers were either aware of [evidence that they had no duty to defend] at the time of the tender or they were not."  Id. at 977.  In Haskell, the

1   appellate court ruled that the trial court had erred by
2   delaying the insured's summary adjudication motion on the duty
3   to defend, until after the insurer had taken discovery.
4       Under state law, plaintiff has a right to have had its
5   motion for summary adjudication of the insurer's duty to
6   defend determined shortly after it filed this action and
7   before defendant engaged in discovery.  It is not clear from
8   this record why Judge Alsup concluded that he could not grant
9   that motion.  It is possible that defendant's cross-motion for
10  summary adjudication on both defense and indemnity clouded the
11  issue.  Under California law, even after an insurer is found
12  to have breached the duty to defend, the insurer is permitted
13  discovery to enable the insurer to address the issue of
14  coverage and indemnity.  Haskell, supra at 978.  However, if
15  such discovery would prejudice the insured's defense of the
16  underlying litigation, the insured may be entitled to either a
17  stay of the coverage action or at least a stay of the
18  discovery in the coverage action.  Montrose, supra at 301-02;
19  Haskell, supra, 978-981.  In opposing this motion, defendant
20  dwells principally on whether the discovery it seeks on the
21  coverage issue will prejudice plaintiff in the underlying
22  action and does not meaningfully respond to the argument that
23  plaintiff is entitled to have a decision on whether defendant
24  breached its duty to defend before defendant takes any
25  discovery.
26      **IT IS THEREFORE ORDERED** that plaintiff's motion for a
27  stay of discovery is **GRANTED** as follows:
28      1.  To the extent that defendant is seeking discovery on

1  whether it had a duty to defend, which appears to turn on
2  whether it was correct in concluding that the injury alleged
3  in the underlying lawsuit was barred by the policy exclusion
4  because it occurred before the effective date of the policy
5  issued, that discovery is **STAYED**.
6      2.   To the extent defendant is seeking discovery with
7  respect to its duty to indemnify, that discovery is **STAYED**
8  until after the resolution of plaintiff's motion on the duty
9  to defend.  If the Court finds that defendant had a duty to
10 defend, plaintiff at that point can renew its motion for a
11 stay of any discovery that it believes is prejudicial within
12 the meaning of Montrose and Haskell.
13 Dated: March 21, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\SLEEPING WELL V. THE TRAVELERS\ORD GRANTING PLTS MOT FOR STAY OF DISCOVERY.wpd

4