IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SLEEPING WELL, LLC, a Vermont limited liability corporation,

    Plaintiff,

  v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

    Defendant.

No. C 10-3658 CW

ORDER ON DEFENDANT'S AND PLAINTIFF'S MOTIONS TO SEAL (Docket Nos. 86 and 100)

    Defendant St. Paul Fire and Marine Insurance Company moves for leave to file under seal portions of documents associated with its motion for summary judgment.  Plaintiff Sleeping Well, LLC, moves for leave to file under seal portions of documents associated with its opposition to Defendant's motion for summary judgment.  The portions implicated by the parties' motions to seal contain information designated confidential by Plaintiff.  The parties' filings are connected to a dispositive motion.

    Because Plaintiff designated the information at issue as confidential, it must establish that the information is sealable. See Civ. L.R. 79-5(c)(1) and (d).  To do so, Plaintiff "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'"  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted).  This cannot be established simply by showing that the document is subject to a protective

order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. Civ. L.R. 79-5(a).

Plaintiff did not file a declaration in support of Defendant's motion to seal, as required by Civil L.R. 79-5(d). With respect to its motion to seal, Plaintiff did not file a declaration establishing the sealability of the sections at issue in its motion. See Civ. L.R. 79-5(c)(1).

Within three days of the date of this Order, Plaintiff shall file a declaration supporting the pending motions to seal. In its declaration, it shall state with specificity the need to file the sections under seal. It is not sufficient that the information at issue was produced pursuant to a stipulated protective order. Civ. L.R. 79-5(a). If Plaintiff does not file a declaration in accordance with this Order, the pending motions to seal will be denied.

IT IS SO ORDERED.

Dated: 6/29/2011

CLAUDIA WILKEN
United States District Judge